NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-CV-266-KKC

FREDERICK BRADLEY NOWELL, SR.                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

STEPHEN M. DEWALT and
MICHAEL GROWSE, M.D.                                                            DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Frederick Bradley Nowell, Sr., an individual currently incarcerated in the Federal Medical Center ("FMC")-Lexington, a Bureau of Prisons facility located in Lexington, Kentucky, has submitted a *pro se* Complaint, initiating a civil rights action and including a Motion for some form of preliminary injunctive relief. He asserts jurisdiction pursuant to 28 U.S.C. § 1331, § 1332, and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

The matter is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

In the Court's screening of a *pro se* pleading, the document is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

## CLAIMS

Plaintiff claims that he has a worsening eye condition for which the Defendants have not provided proper "treatment and/or surgery," in violation of his rights under the Constitution's Eighth Amendment.

## DEFENDANTS

Nowell names the FMC-Lexington Warden, Stephen M. Dewalt, and Clinical Director, Dr. Michael Growse, as the Defendants, in their official and individual capacities.

## RELIEF REQUESTED

Plaintiff seeks a declaration that the Defendants are violating his Eighth Amendment rights; injunctive relief in the form of requiring the Defendants to provide appropriate care, surgery and aftercare for his eye condition; and damages.

## ALLEGATIONS

Plaintiff does not identify the name of his medical problem, alleging only that he suffers from an extremely "progressive condition of his eyes wherein his vision is quite literally deteriorating on a daily basis. The condition first requires the removal of cataracs [sic] from both eyes before the full extent of the treatment and procedures will be known." Currently, he alleges, he "can make out less of what he looks at than he could the day before." The condition is complicated by the fact that he has diabetes.

Nowell states that he was treated for several years by the Bascom Palmer Eye Institute in Miami, Florida. He came into Bureau of Prisons ("BOP") custody on September 11, 2007, for service of an 84-month sentence imposed by the United States District Court for the Southern District of Florida and was initially housed at the Federal Detention Center in Miami. After his

requests for treatment in December and January went unanswered there, Petitioner claims, he filed a formal BP-9 with the warden on January 23rd. This, too, is alleged to have elicited no response.

The following month, Plaintiff was transferred to the FMC-Lexington, arriving on February 28, 2008. He states that after a basic eye exam at that time, he was told that he is "legally blind." His treating physician, Dr. Cordero, and a Physician's Assistant, named Mendoza, arranged for his examination at the University of Kentucky Medical Center at some point, the ophthalmic surgeon there purportedly "confirmed the Plaintiff needed immediate surgery to prevent complete blindness." Further, Plaintiff alleges, "The longer this problem is ignored the more serious it becomes and the less likely is the prognosis for full recovery."

In March, purportedly with no responses to any administrative filings to date, Nowell filed a BP-10 with the Office of FMC-Lexington's Regional Director. That office purportedly assigned the administrative remedy an ID number, 488047-R1, but rejected the appeal on the ground that there was no record of an attempt at an informal resolution or the filing of a BP-9.

Plaintiff alleges that in April of 2008, he provided the associate warden with copies of his BP-9 and BP-10; and on May 2. 2008, he gave copies of the same documents to the assistant medical services administrator. Both purportedly told him that the matter would be resolved. However, again not receiving resolution or a formal response, on June 1, 2008, the Plaintiff contends, he filed a BP-11 with the BOP's Central Office, the final appeal level.

Five (5) days later, explaining that he did not expect a response from the national level, the Plaintiff signed the Complaint herein. In an accompanying memorandum of law and supporting affidavit, he argues for the issuance of a Temporary Restraining Order ("TRO") and Preliminary Injunction, claiming that he is entitled to an order for immediate care/surgery when one considers

the relevant factors, including the balance of hardships between the parties and the fact that he will suffer irreparable injury if he is not treated as soon as possible.

Accordingly, **IT IS ORDERED** as follows:

(1) The Lexington Clerk shall prepare the documents necessary for service of process upon the following Defendants, in their individual and official capacities:

    a. Warden Stephen M. Dewalt; and
    b. Dr. Michael Growse.

(2) For each identified Defendant, the Deputy Clerk shall prepare the necessary number of "Service Packets" consisting of the following documents:

    a. a completed summons form;
    b. the Complaint [R. 2];
    c. this Order; and
    d. a completed USM Form 285.

If the Clerk is unable to fully and accurately complete any of the documents described above, the Clerk shall set forth the reason in a docket entry.

(3) For each identified Defendant, the Deputy Clerk shall prepare three (3) Service Packets to be provided to the USM Office in Lexington, Kentucky, addressed as follows:

    a. to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;
    b. to the Office of the Attorney General of the United States in Washington, D.C.; and
    c. for personal service at the United States Penitentiary-Big Sandy in Inez, Kentucky.

(4) After the Lexington Clerk has prepared the service packets as set out above, the Clerk shall hand-deliver said documents to the United States Marshal's ("USM") Office in Lexington, Kentucky; shall obtain from the Marshal a receipt for the hand-delivered documents; and shall enter

the receipt into the instant record.

> (5) The USM Office shall serve each of the identified defendants by:
>
>> a. Sending a Service Packet for each identified defendant by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;
>> b. Sending a Service Packet for each identified defendant by certified or registered mail to the Office of the Attorney General of the United States in Washington, D.C.; and
>> c. Personally serving a Service Packet upon each identified defendant at the FMC-Lexington, through arrangement with the Federal Bureau of Prisons, or wherever else he may be found.
>
> (6) The USM Office is responsible for ensuring that each Defendant is successfully served with process. In the event that an attempt at service upon a Defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain such information as is necessary to ensure successful service.
>
> (7) Within 40 days of the date of entry of this Order, the USM Office shall send a Service Report to the Lexington Clerk's Office, which the Deputy Clerk shall file in the record and which states whether service has been accomplished with respect to each identified Defendant.
>
>> a. For each Defendant to be served by certified mail, the Service Report shall include:
>>> i. a copy of the green card showing proof of service; or
>>> ii. a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.
>> b. For each Defendant to be personally served, the Service Report shall indicate:
>>> i. that the defendant was successfully served personally, or
>>> ii. a statement explaining what efforts are being taken to locate the defendant and accomplish personal service.
>
> (8) The Plaintiff shall immediately advise the Clerk's Office of any change in his or her current mailing address. Failure to do so may result in dismissal of this case.

(9) The Plaintiff must communicate with the Court *solely* through notices or motions filed with the Clerk's Office. The Court will disregard correspondence sent directly to the judge's chambers.

(10) With every notice or motion filed with the Court, the Plaintiff must:

    a. mail a copy to each Defendant (or his or her attorney); and
    b. at the end of the notice or motion, certify that he has mailed a copy to each Defendant (or his or her attorney) and the date on which this was done. *The Court will disregard any notice or motion which does not include this certification*.

(11) To the extent that Plaintiff's Complaint is construed to include a Motion for a Declaratory Judgment, it is **DENIED,** without prejudice, as premature.

(12) Plaintiff's Motion for a TRO and Preliminary Injunctive Relief, also in the Complaint, is **PASSED** at this time.

(13) Within twenty (20) days of receipt of the summons, the Defendants shall file a Response to Plaintiff's Motion for a TRO and Preliminary Injunctive Relief.

Dated this 23rd day of June, 2008.

Signed By:
*Karen K. Caldwell*   KKC
United States District Judge