NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-CV-266-KKC

FREDERICK BRADLEY NOWELL, SR.                                                    PLAINTIFF

VS:                        **MEMORANDUM OPINION AND ORDER**

STEPHEN M. DEWALT and
    MICHAEL GROWSE, M.D.                                                         DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on the parties' several pending motions, including the Defendants' Motion to Dismiss.

### BACKGROUND

On June 11, 2008, Frederick Bradley Nowell, Sr., an inmate at the Federal Medical Center ("FMC")-Lexington, a Bureau of Prisons facility located in Lexington, Kentucky, submitted a *pro se* Complaint, which initiated a civil rights action and also included requests for some form of preliminary injunctive relief.  He asserted jurisdiction pursuant to 28 U.S.C. § 1331, § 1332, and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Plaintiff claimed that he has a serious, worsening eye condition which may leave him blind, but even knowing this, the Defendants have not provided proper "treatment and/or surgery," in violation of his rights under the Constitution's Eighth Amendment.  He named the FMC-Lexington Warden, Stephen M. Dewalt, and its Clinical Director, Dr. Michael Growse, as the Defendants, in their official and individual capacities.

For relief, Nowell demanded a declaration that the Defendants are violating his Eighth Amendment rights; injunctive relief in the form of requiring the Defendants to provide appropriate care, surgery, and aftercare for his eye condition; and damages.

On June 23, 2008, the Court screened the Complaint, summarized Nowell's allegations, and directed that summons issue to the named Defendants. The Order of that date also specifically required that within 20 days the Defendants file a response to Plaintiff's request for a TRO or preliminary injunctive relief, based upon his allegation that his eyesight was worsening daily.

## DEFENDANTS' RESPONSE

The Defendants timely responded with a Motion to Dismiss this action. As to the facts, they rely on the declarations of a Bureau of Prisons ("BOP") lawyer and Defendant Dr. Growse, who provide copies of Plaintiff's records showing his medical trips and medical care and argue that the Plaintiff has received the medical attention which he had requested.

With such records in support, the Defendants explain that Nowell had several outside ophthalmic consults in May and June of 2008, had successful cataract surgery on his right eye at the University of Kentucky Medical Center ("UKMC") on June 16, 2008, had successful cataract surgery on his left eye there on July 15, 2008, and has received after-care by both FMC-Lexington and UKMC medical staff. Since Plaintiff's request for appropriate medical treatment has been granted, the requests for declaratory and injunctive relief have been mooted.

As to the law on which their Motion to Dismiss is grounded, the Defendants contend that Plaintiff failed to satisfy a precondition to a prisoner's filing a lawsuit, *i.e.*, he failed to first exhaust the BOP administrative remedy process, in contravention of 28 U.S.C. § 1997e. They set out the 4-tiered BOP administrative remedy procedures and provide a print-out showing that Nowell filed for

2

a remedy on this topic at FMC-Lexington only at the top two levels, Administrative Remedy No. 488047. The printout also shows that these efforts were rejected for Plaintiff's failure to start at the beginning of the process and he never did so. Therefore, they contend, the appropriate remedy for the statutory violation is dismissal of the lawsuit.

Plaintiff Nowell has responded in opposition to the Defendants' Motion. He agrees that there is no longer a need for a TRO or preliminary injunctive relief. However, he believes that the first eye surgery, on June 16th, was precipitated by the filing of this lawsuit on June 11th. Since it took a lawsuit to obtain any medical attention, he believes that he should be reimbursed the costs incurred herein, and since he still needs aftercare and glasses, he asks that the Court not dismiss his case until he has received them.

With regard to the exhaustion issue, Plaintiff insists that he should have been entitled to begin at the third level of the administrative remedy process because he had initiated it during his preceding incarceration in a BOP facility in Miami, Florida. Therefore, his filings from FMC-Lexington should not have been rejected and he should be permitted to proceed with this lawsuit.

The Defendants have filed a Reply and the Plaintiff a Sur-reply, which the Court has also considered.

## DISCUSSION

As the Plaintiff has conceded that there is no longer a basis for his multiple motions for injunctive relief, the Court turns its attention to the Defendants' dispositive motion.

In ruling on a Motion to Dismiss, the Court must take well pled allegations as true and must construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). However, the

Court need not accept as true any legal conclusions or unwarranted factual inferences. *Id.* Further, in deciding a motion to dismiss due to non-exhaustion, the Court can consider the administrative materials submitted by the parties. *Reynolds v. Williams*, 2007 WL 2746552 at 2 (W.D.Okla. 2007) (citing *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir.2003), *abrogated in part on other grounds, Jones v. Bock,* ____U.S. ____, 127 S.Ct. 910 (2007)).

In their Motion to Dismiss, the instant Defendants contend that Plaintiff Nowell failed to exhaust the BOP administrative remedy process and that a federal statute mandates dismissal of unexhausted claims. They are correct that since Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA"), federal law requires that state and federal prisoners bringing actions concerning prison conditions and other matters incident to prison life must satisfy an administrative pre-condition prior to filing a lawsuit in federal court. Effective April 26, 1996, the law provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a)(2000). Moreover, exhaustion means "proper exhaustion," which demands compliance with prison procedural rules, *i.e.*, according to the terms and the time limits set by BOP regulations. *See Woodford v. Ngo*, ____ U.S. ____, ____, 126 S. Ct. 2378, 2387-88 (2006). Claims that have not been properly exhausted cannot be brought in federal court. *Id.* at 2382.

The BOP's 4-tiered administrative scheme is found at 28 C.F.R. §§ 542.10-542.19 (2000). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may initiate

4

the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the Warden.

If the inmate is not satisfied with the Warden's response, he may appeal to BOP officials outside the institution for the last two steps. He may submit an appeal (BP-230, formerly BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is located; for federal prisoners in the Eastern District to Kentucky, the appeal goes to the Mid-Atlantic Regional Office of the BOP in Annapolis Junction, Maryland. If the prisoner is still not satisfied, he or she may appeal to the Office of General Counsel of the BOP on a BP-231, formerly BP-11. *See* § 542.15 (a) - (b).

These administrative procedures include established response times. § 542.18. As soon as a formal remedy request is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the BOP. There is even an expedited procedure for any request "determined to be of an emergency nature which threatens the inmate's immediate health or welfare." *Id.* "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id*.

The instant Defendants' declarations support their contention that Nowell did not properly pursue to exhaustion the only remedy he attempted, Administrative Remedy No. 488047. Additionally, they have supplied a print-out showing that the Plaintiff's appeals of that remedy with the two highest levels of the BOP were rejected, an explanation for the rejection was given, and the Plaintiff was granted permission to start over correctly each time.

Plaintiff's response fails to defeat the Defendants basis for their Motion to Dismiss. He does

5

not allege exhaustion of the BOP process. He has countered with only an allegation that he had done all he had to do, having started the institutional levels of the administrative process before his arrival at the FMC-Lexington and having filed a BP-10 and BP-11 from the FMC-Lexington. He has not, however, presented any declaration or other support this claim; nor does he refute the Defendants' evidence. The rejections by officials at the highest levels of the BOP gave Nowell instructions as to how to correct his filings and permission to re-submit the rejected BP-10 and BP-11; but Plaintiff does not even claim that he did that. He clearly abandoned the administrative efforts instead.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The Defendants' Motion for leave to Disclose and File Plaintiff's Records [Record No. 13] is **GRANTED**, the Motion being unopposed and the records being helpful to the Court in reaching the resolution herein;

(2) Plaintiff's several Motions for Declaratory and Preliminary Injunctive Relief [Record Nos. 2, 7] are **DENIED** as moot;

(3) Defendants' Motion to Dismiss [Record No. 14] is **GRANTED**; and

(4) This action is **DISMISSED** and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

Dated this 15th day of September, 2008.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**